Mr. Justice FIELD
delivered the opinion of the court.
On the trial of this cause the agreement of September 13th, 1861, was admitted in evidence, without the exhibit to which it refers, against two objections of the defendants: 1st, that it was incomplete without the exhibit; 2d, that it was invalid, because executed by one of the firm of Kelly &■ Co. after its dissolution.
The answer to the first objection consists in the fact that no exhibit, though mentioned in the agreement as annexed to it, was in truth annexed. The parties executed the agreement, and acted upon it without this document being attached. The agreement cannot, therefore, be treated as incomplete in the absence of the exhibit; it was only ineffectual to pass the amounts specified in'that paper; it was effectual to pass all other matters mentioned. The contract was not intended merely to transfer certain assets; it had for a further object to ascertain the amount of the indebtedness of the defendants from the examination of their books by an 'accountant. It was clearly admissible in connection with the statement of the accountant to show the amount of such indebtedness.
To the second objection the answer is equally brief and *790 conclusive. The agreement was admitted, “ subject to the proof to be given thereafter,” and it was subsequently proved that the agreement was ratified by the other partner of the firm of Kelly & Co., and the fact of ratification is specially found by. the jury.
The principal objections urged for a reversal of the judgment rest upon the idea that the agreement of September 13th, 1861, was a submission to arbitration, and the report or statement of Quigg was the award of an arbitrator; and that both are to be judged by the strict rules applicable to arbitrations and awards. This is, however, a mistaken view of the agreement and report. As observed by counsel, there was no dispute og controversy between the parties to be-submitted to arbitration; nor was anything to be submitted to the judgment or discretion of Quigg; The books of account-of the defendants were to determine'the amount due; about these there was no controversy. The only duty of Quigg was to examine them as an accountant and to st,ate what they exhibited.
The objection that the report was not made from the accounts as they stood on the books at the time they were placed in the hands of Quigg, is not one which can aft'ect the result. The object of submitting the books to him for examination was to ascertain the exact amount of the indebtedness of the defendants to the' plaintiffs. For this purpose it was in his power to write up the books, to correct errors discovered, and make entries of what had been omitted by oversight or mistake. It is to be presumed that the parties-desired to arrive at a just result, not to have a balance struck from the books without- regard to their correctness. The agreement provides- that the amount due was to be ascertained by Quigg, under the supervision of .the parties, and the proof shows that this was done under the immediate supervision of one of the defendants.
Besides, Quigg-was examined as a witness in the case, and exhibited the' books, and testified as to the balance they showed and the entries made by him-. These books were, of themselves, admissible as evidence.of the balance due by *791 the defendants* independent of the agreement of September 13th, 1861. Upon the evidence they furnished, taken in connection with the testimony of Quigg, the verdict of the jury may be sustained without reference to his report. They showed the amount received from the sales of coal furnished to the defendants to which the plaintiffs were entitled ; and for such amount the recovery can be upheld under the common counts, for money had and received.
Judgment affirmed...